UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MARLON WILLIAMS,

                          Plaintiff,

   -against-

THE CITY OF NEW YORK AND
POLICE OFFICER STEVEN FURSA (SHIELD NO. 13278),

                          Defendants.
-------------------------------------------------------------------------X

**17 CV 4350 (NG)(RLM)**

**FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, MARLON WILLIAMS, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his First Amended Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## NOTICE OF CLAIM

4. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the accrual of his claims.

5. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

6. Plaintiff, pursuant to General Municipal Law 50(h) was produced for a statutory hearing.

7. This action was commenced within one year and ninety days from the date the pendent claims herein accrued.

## VENUE

8. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

9. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

10. Plaintiff, MARLON WILLIAMS, is, and has been, at all relevant times, a resident of the County of Kings, City and State of New York.

11. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New

2

York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

13. At all times hereinafter mentioned, the individually named defendant, POLICE OFFICER STEVEN FURSA (Shield No. 13278), was a duly sworn member of said department and was acting under the supervision of said department and according to his official duties. Defendant Fursa is sued herein in his official and individual capacities. At all times hereinafter mentioned, Defendant Fursa was assigned to the 71st Precinct of the NYPD.

14. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

15. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

16. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

**FACTS**

17. On August 4, 2016, at approximately 6:00 p.m., Plaintiff MARLON WILLIAMS was lawfully exiting a bodega located at or near the intersection of Kingston Avenue and Midwood Street in the County of Kings, City and State of New York.

18. At this time, Defendant Fursa and several other members of the New York City Police

3

Department arrived at the location on duty and in plain clothes.

19. Without any legal justification or excuse, the Defendant Fursa approached Plaintiff and began searching him

20. The search revealed no evidence of any guns, drugs, or contraband.

21. Plaintiff was not engaged in any unlawful or suspicious activity.

22. Nonetheless, the Plaintiff was formally arrested, was placed in handcuffs, and was transported to the station house of a local area precinct believed to be t he 71st Precinct where he was searched and detained for several hours.

23. The search yielded no evidence of any guns, drugs, or contraband

24. At no time on August 4, 2016, did Plaintiff commit any crime or violation of law.

25. At no time on August 4, 2016, did Defendant Fursa possess probable cause to arrest Plaintiff or to order Plaintiff's arrest.

26. At no time on August 4, 2016, did Defendant Fursa possess information that would lead a reasonable officer to believe probable cause existed to arrest Plaintiff.

27. Plaintiff was held for several hours at the stationhouse before he was transported to Kings County Central Booking where he was held for several additional hours before he was arraigned on a criminal complaint containing false allegations provided by Defendant Fursa.

28. Specifically, Defendant Fursa swore out a criminal complaint against Plaintiff stating that Plaintiff exchanged a quantity of narcotics and money with another individual.

29. These and other allegations were false and Defendant Fursa knew they were false when he made them.

30. Pursuant to these false allegations, the Plaintiff was charged with two counts of criminal possession of a controlled substance and one count of criminal sale of a controlled substance.

31. Following his arraignment, Plaintiff was thereafter detained at Rikers Island Correctional facility for several days pursuant to Defendant Fursa's false allegations.

32. Despite Defendants' unconstitutional actions, all charges against Plaintiff were dismissed on February 4, 2017.

33. Defendant Fursa provided knowingly false and misleading information to prosecutors at the Kings County District Attorney's Office.

34. Each of the allegations were false and the Defendant Fursa knew them to be false when they were made.

35. As a result of the foregoing, Plaintiff MARLON WILLIAMS sustained, *inter alia*, embarrassment, humiliation, physical injuries, and deprivation of his constitutional rights.

36. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

37. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. Section 1983.

38. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers with all of the actual and/or apparent authority attendant thereto.

39. The acts complained of were carried out by the aforementioned individual Defendants in their capacitates as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted custom, usage, practice, procedure or rule of respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR FALSE ARREST UNDER 42 U.S.C. § 1983

41. Plaintiff MARLON WILLIAMS repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

42. As a result of the Defendants' conduct, Plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

43. As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, and he was falsely arrested without probable cause

6

## SECOND CLAIM FOR RELIEF FOR
## DENIAL OF RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

44. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

45. At no time did Defendant Fursa have any legal basis for commencing criminal process, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

46. Defendant Fursa misrepresented and falsified evidence to the Kings County District Attorney.

47. Defendant Fursa did not make a complete and full statement of facts to the District Attorney.

48. Defendant Fursa withheld exculpatory evidence from the District Attorney.

49. Defendant Fursa was directly and actively involved in the initiation of criminal proceedings against Plaintiff.

50. Defendant Fursa lacked probable cause to initiate criminal proceedings against Plaintiff.

51. Defendant Fursa acted with malice in initiating criminal proceedings against Plaintiff.

52. Defendant Fursa directly and actively involved in the continuation of criminal proceedings against Plaintiff.

53. Defendant Fursa lacked probable cause to continue criminal proceedings against Plaintiff.

54. Defendant Fursa misrepresented and falsified evidence throughout all phases of the criminal proceedings against Plaintiff.

55. Notwithstanding the perjurious and fraudulent conduct of Defendant Fursa the criminal proceedings were terminated in Plaintiff's favor when he acceded to an adjournment in

contemplation.

56. By so doing, the individual Defendants, individually and collectively, subjected Plaintiff to fabrication of evidence, denial of fair trial, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

57. By reason thereof, the individual Defendant Fursa have violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

58. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

59. Defendants arrested, searched, and incarcerated plaintiff MARLON WILLIAMS, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize Plaintiff's liberty, well-being, safety, and violate his constitutional rights.

60. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

61. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City

8

Police Department, all under the supervision of ranking officers of said department.

62. Those customs, policies, patterns, and practices include, but are not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

   iv. failing to properly train police officers in the requirements of the United States Constitution.

63. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

   i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

   ii. arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

   iii. falsifying evidence and testimony to support those arrests;

   iv. falsifying evidence and testimony to cover up police misconduct.

64. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff, MARLON WILLIAMS.

65. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and

proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

66. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

67. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiff was placed under arrest unlawfully.

68. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

69. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

70. All of the foregoing acts by defendants deprived Plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
### FOR FALSE ARREST,
### FALSE IMPRISONMENT AND
### DENIAL OF FAIR TRIAL
### PURSUANT TO STATE LAW

71. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

72. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and, its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

73. Plaintiff was detained and held under the imprisonment and control of the defendants under false pretenses.

74. Due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned the plaintiff, without warrant, authority of law or probable cause therefore.

75. That the acts and conduct on the part of the individual defendants constituting unlawful and unconstitutional conduct are: unlawfully and intentionally detaining and confining plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; fabricating evidence against the plaintiff; unlawfully detaining and confining plaintiff

11

through the unlawful arrest of plaintiff; unlawfully detaining and confining plaintiff through the use of force; unlawfully arresting plaintiff and placing plaintiff in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

76. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

77. That plaintiff was conscious of the confinement.

78. That as a direct, sole and proximate result of the false arrest and imprisonment, plaintiff was caused to and did sustain embarrassment, emotional and mental distress, moral and mental degradation, indignity and inconvenience, disturbance and disruption of life.

79. By the actions described above, defendants "POLICE OFFICERS" and THE CITY OF NEW YORK caused plaintiff to be falsely arrested and/or falsely imprisoned without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

80. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendants on each of the foregoing causes of action as follows:

    i.    an order awarding compensatory damages in an amount to be determined at trial;

    ii.    an order awarding punitive damages in an amount to be determined at trial;

    iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

    iv.    directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
December 20, 2017

                      Respectfully submitted,

                      **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
                      *Counsel for the Plaintiff*

                      /s/
By:    JESSICA MASSIMI (JM-2920)
        32 Old Slip, 8th Floor
        New York, New York 10005
        (212) 962-1020